**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4065**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

TERRANCE ANTWAN WILLIAMS,

    Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 09-9351)

Submitted:  September 30, 2011   Decided:  October 6, 2011

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed in part, reversed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Antwan Williams pled guilty, without a plea agreement, to possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2006), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), and possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006). On appeal, he argues that he was legally innocent of being a felon in possession of a firearm because his two North Carolina convictions for possession with intent to sell and deliver marijuana were not punishable by a term of imprisonment greater than one year. For the same reason, he argues that he should not have been sentenced under the career offender provision of the United States Sentencing Guidelines.

We recently held that, when deciding whether a North Carolina conviction is a predicate offense for sentencing enhancements purposes, the federal Controlled Substance Act's inclusion of offenses "punishable by imprisonment for more than one year" refers to the maximum sentence that the actual defendant could have received, not one with a more severe criminal history or one subject to an aggravated sentence. United States v. Simmons, No. 08-4475, 649 F.3d 237, 2011 WL

2

3607266, at *3 (4th Cir. Aug. 17, 2011) (en banc).  Thus, because Williams's underlying North Carolina convictions were not punishable by a term exceeding one year, Williams's conduct — possessing a firearm — did not violate § 922(g), and he was not properly sentenced as a career offender under the Guidelines.[1]

Accordingly, although we affirm Williams's § 841 and § 924 convictions, we reverse his conviction for possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment.  We vacate his sentence and remand for resentencing in accordance with Simmons.[2]  We dispense with oral argument because the facts and legal contentions are

---

[1] The district court did not, of course, have the benefit of Simmons at the time of Williams's guilty plea and sentencing proceedings.  We do not fault the district court or the Government for applying established circuit precedent in the earlier proceedings.

[2] In light of our decision to vacate the sentence and remand for resentencing, we decline to address Williams's claim that the district court failed to address his arguments against the crack/powder sentencing disparity.  At resentencing, the current version of the Guidelines will apply.  We express no opinion, however, on the sentence to be imposed on remand.

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
REVERSED IN PART,
VACATED IN PART,
AND REMANDED
