**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4182**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TERRANCE ANTWAN WILLIAMS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:08-cr-00160-D-1)

Submitted:  August 30, 2012      Decided:  September 17, 2012

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Antwan Williams pled guilty without a plea agreement to possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2012) (count one), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) (count two), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (count three). The district court sentenced Williams as a career offender to 262 months' imprisonment on count one, a consecutive sentence of sixty months' imprisonment on count two, and a concurrent sentence of 120 months' imprisonment on count three, for a total sentence of 322 months' imprisonment. This court ultimately reversed Williams' conviction on count three, vacated his sentence, and remanded for resentencing under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). United States v. Williams, 449 F. App'x 246 (4th Cir. 2011) (No. 09-4065).

On remand, the district court sentenced Williams to 204 months' imprisonment on count one, a sentence resulting from an upward variance from his advisory Guidelines range of 140 to 175 months' imprisonment on that count, and a consecutive sentence of sixty months' imprisonment on count two. On appeal,

2

Williams challenges his sentence on count one, arguing that it is substantively unreasonable. We affirm.

As we have explained, "no matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008). In doing so, we apply an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing a sentencing court's decision to vary from a defendant's Guidelines range, this court "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). We will find a sentence to be unreasonable "[i]f [the sentencing] court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

Williams argues that the district court abused its discretion in finding that such an extensive variance was warranted in this case. However, we conclude after review of the record that the court's sentencing decision is reasonable in light of Williams' long history of recidivism, which reflects his disrespect for the law, and the need for the sentence to protect the public and to deter Williams. The court's

3

consideration of the relevant 18 U.S.C. § 3553(a) (2006) factors and articulation of its reasons for varying from the Guidelines range support our decision to defer to the district court's determination as to the extent of the variance. See United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir.) (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors), cert. denied, 131 S. Ct. 2946 (2011); see also United States v. Angle, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED